

1  Jerry L. Steering, Esq. [State Bar No. 122509]
2  LAW OFFICES OF JERRY L. STEERING
   4063 Birch Street, Suite 100
3  Newport Beach, California 92660
4  Telephone: (949) 474-1849
   Facsimile: (949) 474-1883
5  e-mail: info@steeringlaw.com
6
7  Attorney for Plaintiff Ignacio Gomez Lares

8           UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA

10
11 IGNACIO GOMEZ LARES,              ) Case No. SACV09- 945  DOCC MLGx )
                                     )
12        Plaintiff,                 ) COMPLAINT FOR DAMAGES
                                     ) FOR VIOLATION OF FEDERAL
13                                   ) CONSTITUTIONAL RIGHTS
14 vs.                              ) UNDER COLOR OF STATE LAW
                                     ) (42 U.S.C. § 1983) RIGHT TO
15                                   ) FREEDOM FROM
   COUNTY OF ORANGE,                 ) UNREASONABLE AND
16 CHRISTOPHER HIBBS, DANIEL         ) EXCESSIVE FORCE, RIGHT TO
   ANDERSON, TRENTON HOFFMAN,        ) FREEDOM OF SPEECH, RIGHT
17 BRYAN THOMAS, JAMES WICKS and     ) TO PETITION THE
                                     ) GOVERNMENT FOR REDRESS
18 DOES 1 through 10, inclusive,     ) OF GRIEVANCES, RIGHT TO
                                     ) CUSTODIAL MEDICAL
19                                   ) TREATMENT
        Defendants.                  )
20 _____  ) JURY TRIAL DEMANDED

21
22       **COMES NOW** plaintiff IGNACIO GOMEZ LARES (hereinafter referred
23 to as "plaintiff") and shows this honorable court the following:
24          **JURISDICTIONAL ALLEGATIONS**
25
26
27
28

                 COMPLAINT FOR DAMAGES
                            1

1.     As this action is brought under 42 U.S.C. § 1983 this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2).

## GENERAL ALLEGATIONS

3.     Plaintiff IGNACIO GOMEZ LARES, hereinafter referred to as "LARES", is a natural person, who, at all times complained of in this action, resided in the County of Orange, State of California.

4.     Defendant DANIEL ANDERSON, hereinafter referred to as "ANDERSON" is, and was at all times complained of in this action, a sworn police officer with the Los Angeles Police Department. At all times complained of herein, ANDERSON was acting pursuant to his authority as Los Angeles Police Department Police Officer, and was acting in the course of and within the scope of his employment with defendant City of Los Angeles.

5.     Defendant CHRISTOPHER HIBBS, hereinafter referred to as "HIBBS", is, and was at all times complained of in this action, a sworn Deputy Sheriff with the Orange County Sheriff's Department. At all times complained of herein, HIBBS was acting pursuant to his authority as an Orange County Sheriff's

COMPLAINT FOR DAMAGES
2

Department Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of Orange.

    6.    Defendant TRENTON HOFFMAN, hereinafter referred to as "HOFFMAN", is, and was at all times complained of in this action, a sworn Deputy Sheriff with the Orange County Sheriff's Department. At all times complained of herein, HOFFMAN was acting pursuant to his authority as an Orange County Sheriff's Department Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of Orange.

    7.    Defendant BRYAN THOMAS, hereinafter referred to as "THOMAS", is, and was at all times complained of in this action, a sworn Deputy Sheriff with the Orange County Sheriff's Department. At all times complained of herein, THOMAS was acting pursuant to his authority as an Orange County Sheriff's Department Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of Orange.

    8.    Defendant JAMES WICKS, hereinafter referred to as "WICKS", is, and was at all times complained of in this action, a sworn Deputy Sheriff with the Orange County Sheriff's Department. At all times complained of herein, WICKS was acting pursuant to his authority as an Orange County Sheriff's Department Deputy Sheriff, and was acting in the course of and within the scope of his employment with defendant County of Orange.

9.     Defendant COUNTY OF ORANGE is a municipal entity located within the State of California; within the territorial jurisdiction of this court.

10.     Defendants DOES 1 through 5, inclusive, are police officers, custodial officers, deputy sheriffs, investigators, sworn peace officers, some other type of public officer, task force employee / agent, and/or some other types of individual persons acting under the color of state law, who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by the plaintiff in this instant action. DOES 1 through 5, inclusive, are natural persons whose identities are presently unknown to plaintiff, who, therefore, sues these persons by the fictitious name DOE.

11.     At all times complained of herein, DOES 1 through 5, inclusive, were acting pursuant to their authority as police officers, sheriff deputies and/or some other persons acting under the color of state law, and were acting in the course of and within the scope of their employment with their respective employer; defendant County of Orange.

12.     Plaintiff is ignorant of DOES' 1 through 5 identities and will amend his complaint to show the true identities of DOES 1 through 5, inclusive, when he becomes aware of said identities.

13.     Defendants DOES 6 through 10, inclusive, are sworn peace officers

COMPLAINT FOR DAMAGES
4

deputy sheriffs, jailers, custodial officers, and are supervisory and policy making officials who are in some substantial way liable and responsible for, or otherwise caused or participated in, the actions complained of by plaintiff in this action, as well as the creation and maintenance of policies, customs, usages and practices of defendant County of Orange. DOES 6 through 10, inclusive, are natural persons whose identities are presently unknown to the plaintiff, who, therefore, sues these persons by the fictitious name DOE.

14.     At all times complained of herein, DOES 6 through 10, inclusive, were acting as individual persons, pursuant to their authority as supervisory officers and policy making officials and were acting in the course of and within the scope of their employment with their respective defendant municipal agency / employer; defendant County of Orange.

15.     Plaintiff is ignorant of DOES' 6 through 10 true identities and will amend his complaint to show the true identities of DOES 6 through 10, inclusive, when he becomes aware of said identities.

16.     At all times complained of herein, defendants DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as sheriff, assistant sheriffs, deputy sheriffs, peace officers and/or other executive officers / public officers / public officials, and/or some other types of persons acting under the color of state law.

COMPLAINT FOR DAMAGES
5

17.    Moreover, at all times complained of herein DOES 1 through 10, inclusive, were acting pursuant to, or otherwise caused or contributed to the creation and maintenance of, the customs, policies, usages and practices of the County of Orange for, *inter alia*, the unlawful and unreasonable use of excessive force on persons.

18.    In addition to the above and foregoing, all of the named defendants to this action, including said DOE defendants, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff of his constitutional rights as described below, and acted in joint and concerted action to so deprive the plaintiff of his constitutional rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

19.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal and proximate cause of the violation of the plaintiff's constitutional rights, as set forth below.

## FIRST CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
Violation Of Fourth Amendment Rights
Unreasonable Force
(Against Defendants HIBBS and DOES 1 through 5, inclusive)

20.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 19, inclusive, above, as if set forth in full herein.

21.     On September 13, 2007 at approximately 2:00 a.m. plaintiff Ignacio Gomez Lares, hereinafter referred to as "plaintiff" or "LARES", was walking home, eastbound on Ball Road on the border of Stanton, California and Anaheim, in Orange County, California.

22.     While walking LARES was stopped by two deputy sheriffs in an Orange County Sheriff's patrol vehicle, HIBBS and WICKS. The deputies exited their vehicle and began searching LARES' person; notwithstanding the lack of any facts or circumstances that would have caused a reasonably well-trained peace officer that LARES was somehow connected to criminality afoot.

23.     As the deputies were searching LARES' person, LARES slipped out of his jacket (that was being held by HIBBS) and ran from the deputies.

24.     LARES ran for about two blocks before he was stopped by ANDERSON, an off-duty sworn Los Angeles Police Department Police Officer.

25.     ANDERSON tackled LARES to the ground, drew his gun and identified himself as an off-duty Los Angeles Police Department police officer.

26.     ANDERSON instructed LARES to stay down on the ground and show his hands. LARES immediately complied with all of ANDERSON'S commands.

27.     Orange County Sheriff's Department deputy sheriffs HIBBS and WICKS pursued LARES by foot, and eventually caught up to LARES, who, at that time, was on the ground with his hands stretched outwards (pursuant to

ANDERSON'S orders to LARES), and was being held at gun point by ANDERSON.

28.    Once HIBBS and WICKS caught up to LARES, HIBBS immediately tased LARES multiple times in LARES' neck area with his X-26 taser for approximately thirty-five seconds.  LARES was tased as corporal punishment / torture for running away from HIBBS and WICKS, and not for any legitimate law enforcement reason.

29.    While tasing LARES on the ground, defendant HIBBS was screaming at LARES to "stop resisting"; not because LARES was "resisting", but because HIBBS was torturing LARES in public, and wanted to make sure that anyone seeing his torturing of LARES would be under the impression that there was some sort of legitimate reason to so tase / torture LARES.

30.    While HIBBS was tasing LARES on the ground, LARES was lying face down on the ground with his arms stretched-out, and was complying with all the HIBBS orders to him.

31.    LARES was then handcuffed and escorted to HIBBS' patrol vehicle, where he was placed in the rear passenger seat of the vehicle.

32.    While HIBBS and WICKS were pursuing LARES, they requested the presence of additional (back-up) deputies to the scene.  By the time LARES had

COMPLAINT FOR DAMAGES
8

been escorted to HIBBS' patrol vehicle, defendant deputy sheriffs HOFFMAN, and THOMAS had arrived at the scene in the area of HIBBS' patrol car.

33.     LARES suffers from asthma and began experiencing the symptoms of an asthma attack[1].  LARES repeatedly asked the deputies for medical attention but the deputies ignored LARES' requests.

33.     HIBBS opened the door of his patrol vehicle and began tasing LARES in drive stun mode with his X-26 taser while screaming at LARES: "What's your name?  Tell me your fucking name."

34.     LARES told HIBBS that his name was "Ignacio Gomez", and HIBBS then closed the door of the patrol car.

35.     HIBBS was trying to confirm LARES' name over the Sheriff's Department radio, but was unsuccessful.

36.     Hibbs again opened the rear passenger door of his patrol vehicle and began torturing LARES by tasing him multiple times with his X-26 taser in drive stun mode.  HIBBS was yelling at LARES: "You fucking lied to me.  Tell me your fucking name."

---

[1] LARES had just ran two blocks and was tased multiple times, triggering his asthma attack.

COMPLAINT FOR DAMAGES

9

37.     HIBBS was torturing LARES with his taser to induce him to provide his name to HIBBS, pursuant to the policy of defendant County of Orange to use tasers to torture people, to gain compliance with orders by deputy sheriffs.

38.     Meanwhile, other defendant Orange County Sheriff's deputies who were present at the scene at HIBBS' patrol car, HOFFMAN, THOMAS, WICKS and DOES 1 through 5, inclusive, and LAPD Police Officer ANDERSON, watched HIBBS threaten to torture and torture LARES with his X-26 taser, had an opportunity and had the ability to intervene to stop the torturing, and deliberately failed to do so.

39.     HIBBS closed the patrol vehicle door and started talking with the other deputies.  One of the deputies informed HIBBS that LARES had a gun in his jacket that LARES had wiggled out of during HIBBS' and WICKS' initial stop of plaintiff; above-referenced.

40.     HIBBS then opened the door of his vehicle and began tasing LARES for a fourth time while yelling: "You had a gun.  You could have fucking killed me you mother fucker."

41.     HIBBS' use of force on LARES, above-described, was unreasonable, excessive, outrageous and shocking to the conscience.

42.     The actions by said defendants, described above, constitute a violation of plaintiff's rights under the Fourth Amendment to the United States Constitution

to be free from the use of unlawful, unreasonable and excessive force on his person.

43.    As a direct and proximate result of defendants' actions, above-referenced, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs/bills and expenses and 3) incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

44.    The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $2,000,000.00.

SECOND CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
Violation Of Fourth, Fourteenth and Eighth Amendment Rights
Denial Of Medical Treatment – Deliberate Indifference To Obvious Serious
Medical Needs
(Against all defendants)

45.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 44, inclusive, above, as if set forth in full herein.

46.    As shown above, notwithstanding plaintiff's obvious and obviously serious medical needs, most, if not all of them directly and recently caused by defendants, defendants deliberately ignored plaintiff's medical needs and were otherwise deliberately indifferent to those needs; denying his repeated pleas and

COMPLAINT FOR DAMAGES
11

requests for medical treatment; treatment for real and serious injuries caused by defendants HIBBS and DOES 1 through 5, inclusive's torturing of LARES.

47.    In addition, defendants also prevented others from knowing of his wounds and serious injuries, to maliciously prevent him from obtaining medical treatment.

48.    Said denial of medical treatment of the plaintiff constituted a violation of the plaintiff's rights under the fourth and/or eighth and/or fourteenth amendment right[2] to medical treatment while in police custody.

49.    As a direct and proximate result of defendants' actions, above-referenced, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs/bills and expenses and 3) incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

50.    The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $2,000,000.00.

THIRD CAUSE OF ACTION<br>
VIOLATION OF 42 U.S.C. § 1983<br>
Violation Of First Amendment Rights

---

[2] Under the United States Constitution.

COMPLAINT FOR DAMAGES<br>
12

Freedom Of Speech / Right To Petition
(Against all defendants)

51.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50, inclusive, above, as if set forth in full herein.

52.    A substantial or motivating factor in the decisions of said defendants to have taken the unlawful, unconstitutional, felonious, unreasonable, unconscionable conscience shocking and outrageous actions taken by said defendants, above-described, including HIBBS and DOES 1 through 5, inclusive's use of unreasonable force upon the plaintiff, such as the use of the taser device, and said defendants failure to intervene and stop the tasing of plaintiff, was the plaintiff's exercise of constitutionally protected free speech; to wit, his complaints to defendants and each and/or any of them about their treatment of him, his complaints made about defendants treatment of him made to defendants superiors and to others, and his requests and pleas for medical treatment.

53.    Said conduct constitutes a violation of the plaintiff's right to freedom of speech and plaintiff's right to petition the government for redress of grievances under the First Amendment to the United States Constitution.

54.    As a direct and proximate result of defendants' actions, above-referenced, plaintiff: 1) was substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs/bills and expenses and 3)

COMPLAINT FOR DAMAGES
13

incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $3,000,000.00.

55.     The actions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants in an amount to be shown at trial, in excess of $2,000,000.00.

FOURTH CAUSE OF ACTION
VIOLATION OF 42 U.S.C. § 1983
Violation Of Fourth Amendment Rights – Bystander Liability
(Against All Defendants, Save HIBBS)

56.     Plaintiffs hereby reallege and incorporate by reference the allegations set forth in paragraphs 1 through 55, inclusive, above, as if set forth in full herein.

57.     As set forth above, defendants and each of them personally witnessed plaintiff being subjected to outrageous brutality; the tasing and torture of the plaintiff by HIBBS, as described-above; WICKS and ANDERSON and DOES 1 through 2, inclusive, witnessing the tasing of plaintiff's neck for 35 seconds when plaintiff was on the ground and was being held at gun point by ANDERSON, and ANDERSON, HOFFMAN, THOMAS, WICKS and DOES 3 through 5, inclusive, witnessing the tasing of plaintiff inside of HIBBS' patrol car.

58.     As set forth above, defendants and each of them, knew that said use of the taser upon the plaintiff, both on the ground and in the patrol car was unlawful and constituted grossly unreasonable and excessive force.

COMPLAINT FOR DAMAGES
14

59.    ANDERSON, HOFFMAN, THOMAS, WICKS and DOES 1 through 5, inclusive, were in a close proximity of the outrageous brutality inflicted upon the plaintiff by HIBBS and DOES 1 through 5, inclusive, and were, therefore, able to intervene.

60.    Said defendants also had an opportunity and a duty to stop and prevent said torturing of the plaintiff by HIBBS and DOES 1 through 5, inclusive, and failed to do so.

61.    However, notwithstanding notice of outrageous torturing (tasing) of the plaintiff by HIBBS and DOES 1 through 5, inclusive, and notwithstanding having an opportunity to intervene to stop and prevent said outrageous brutality upon the plaintiff, all of said defendants failed to so intervene and to stop HIBBS and DOES 1 through 5, inclusive, from continuing to torture the plaintiff.

62.    Accordingly, said defendants, and each of them in this action, are liable to the plaintiff for their excessive force by the other defendants to this action.

63.    The omissions by said defendants, above-described, caused plaintiff to suffer substantial physical injures, severe mental and emotional distress and suffering, medical / psychological bills, costs and expenses, attorney's fees, bail bond costs and other costs and expenses, in an amount to be shown at trial, in excess of $3,000,000.00.

64.   Said omissions by said defendants were done maliciously and in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against defendants (save defendants County of Orange) in an amount to be shown at trial, in excess of $2,000,000.00.

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1.   That plaintiff be awarded a judgment against all defendants for compensatory damages in an amount in to be proven at trial, in excess of $3,000,000.00;

2.   That plaintiff be awarded a judgment against all defendants, except defendant County of Orange, for punitive / exemplary damages in an amount in to be proven at trial, in excess of $2,000,000.00;

3.   That plaintiff be awarded reasonable attorney's fees and costs of suit herein;

4.   That plaintiff be given a trial by jury; and

5.   That this honorable court make and award such other relief as this honorable court deems just and equitable.

LAW OFFICES OF JERRY L. STEERING



Jerry L. Steering

COMPLAINT FOR DAMAGES
16

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>IGNACIO GOMEZ LARES | DEFENDANTS<br>COUNTY OF ORANGE, CHRISTOPHER HIBBS, DANIEL ANDERSON, TRENTON HOFFMAN, BRYAN THOMAS, JAMES WICKS and DOES 1 through 10, inclusive, |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Jerry L. Steering, SBN 122509<br>LAW OFFICES OF JERRY L. STEERING<br>4063 Birch Street, Suite 100, Newport Beach, CA 92660 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No        ☒ **MONEY DEMANDED IN COMPLAINT: $** 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 1983

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | REAL PROPERTY |  | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee |  |  | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions |  |  | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 245 Tort Product Liability |  |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property |  |  |  | ☐ 871 IRS-Third Party 26 USC 7609 |

**SACV09- 945 DOC (MLGx)**

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐    Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐    Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
      **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange Coiunty | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date  August 11, 2009

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV09- 945 DOC (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Jerry L. Steering, SBN 122509
LAW OFFICES OF JERRY L. STEERING
4063 Birch Street, Suite 100
Newport Beach, CA 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| IGNACIO GOMEZ LARES, | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **SACV09- 945 DOC (MLGx)** |
| v. | |
| COUNTY OF ORANGE, CHRISTOPHER HIBBS, DANIEL ANDERSON, TRENTON HOFFMAN, BRYAN THOMAS, JAMES WICKS and DOES 1 through 10 inclusive,  DEFENDANT(S). | **SUMMONS** |

TO:   DEFENDANT(S): _____

_____

A lawsuit has been filed against you.

Within ___20___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, Jerry L. Steering_____, whose address is 4063 Birch Street, Suite 100, Newport Beach, California 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

AUG 1 4 2009

Dated: _____

Clerk, U.S. District Court

DODJIE GARBANTOS

By: _____
Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*